United States District Court
Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

MARKEL SERVICE INCORPORATED,

Case No. 16-CV-04304-LHK

13

Plaintiff,

**ORDER DENYING MOTION TO REMAND**

14

v.

Re: Dkt. No. 15

15

ATAIN SPECIALTY INSURANCE
COMPANY,

16

Defendant.

17

18         Plaintiff Markel Service Incorporated ("Plaintiff") brings this insurance coverage action

19    against Defendant Atain Specialty Insurance Company ("Defendant") seeking declaratory relief.

20    ECF No. 34 (First Amended Complaint, or "FAC").  Before the Court is Plaintiff's motion to

21    remand the instant case to state court.  ECF No. 15 ("Pl. Mot.").  Defendant opposes the motion.

22    ECF No. 18 ("Def. Resp.").  The Court finds this matter appropriate for determination without oral

23    argument and hereby VACATES the hearing set for November 17, 2016.  *See* Civil L.R. 7-1(b).

24    Having reviewed the parties' submissions and the relevant law, the Court DENIES Plaintiff's

25    motion to remand.

26    I.        **BACKGROUND**

27              **A. Factual Background**

28

1

Plaintiff is a Virginia corporation that provides insurance.  FAC, at ¶ 13.  Defendant is a Michigan corporation that also provides insurance.  *Id.* ¶ 12.   Plaintiff and Defendant both insure Norcal Motor Escort, LLC ("Norcal"), a motorcycle escort business.  ECF No. 1, Ex. A ("Compl."), at 7.  Specifically, Norcal has an automobile insurance policy with Plaintiff, and Norcal has a general liability coverage policy with Defendant.  *Id.*

The instant dispute arises out of an automobile collision that involved Norcal.  FAC, at ¶ 3. On November 2, 2012, Norcal employees Mario Hernandez ("Hernandez") and Robert Keyarts ("Keyarts") were serving as motorcycle escorts for a funeral procession in San Jose, California. *Id.* at ¶¶ 2–3.  Hernandez approached an intersection and began directing traffic and pedestrians through the intersection.  *Id.* at ¶ 3.  A pedestrian, Brittany Cohen ("Cohen"), entered the intersection on a bicycle.  *Id.*  Keyarts, moving from the back of the funeral procession towards the intersection, attempted to break his motorcycle but "fell and slid into Cohen and Hernandez."  *Id.*

On October 31, 2014, Cohen sued Norcal, Hernandez, and Keyarts for negligence causes of action in the Superior Court of Santa Clara County.  *Id.* ¶¶ 4–6.

On June 24, 2015, pursuant to the Commercial General Liability Policy that Norcal held with Defendant, Plaintiff tendered to Defendant the defense and indemnity of Norcal and Hernandez.  *Id.* ¶ 7.  On August 25, 2015, Defendant declined Plaintiff's tender and refused to provide a defense or indemnity to Norcal, arguing that the funeral-procession collision was excluded from Defendant's Commercial General Liability Policy under an "Auto Exclusion."  *Id.* ¶ 8.

Upon Defendant's denial of the tender of defense and indemnity, Plaintiff "provided a defense and indemnified [Norcal] by paying $105,000.00 to Cohen for bodily injury damages." *Id.* ¶ 10.

**B. Procedural History**

On May 13, 2016, Plaintiff sued Defendant in the Superior Court in Santa Clara County. Plaintiff alleged causes of action for subrogation and indebtedness and demanded monetary damages in the sum of $105,000.  Compl. at 7–8.

On July 29, 2016, Defendant filed a notice of removal and removed this action to the U.S. District Court for the Northern District of California on the basis of diversity jurisdiction. ECF No. 1, at 1.

On August 25, 2016, Plaintiff filed a motion to remand this action to state court. Pl. Mot. at 1. Plaintiff argued that this "is a classic insurance coverage dispute subject to state law and should be remanded." *Id.* Plaintiff asserted that this Court "should exercise its broad discretion" under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the "Abstention Doctrine" to "remand this action" to state court. *Id.* at 3.

On August 29, 2016, Defendant filed a motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff had failed to state a claim for subrogation or indebtedness under California law. ECF No. 17.

On September 8, 2016, Defendant filed a response in opposition to Plaintiff's motion to remand. Def. Resp. at 1. Defendant asserted that Plaintiff's state-court complaint did not seek declaratory relief; to the contrary, the Complaint requested solely monetary damages in the amount of $105,000. *Id.* at 3. Defendant asserted that, because this Court undoubtedly had subject-matter jurisdiction over the Complaint, and because the Complaint sought monetary relief, Plaintiff's motion to remand should be denied. *Id.* at 3–4.

On October 4, 2016, Plaintiff filed an opposition to Defendant's motion to dismiss. ECF No. 23. Plaintiff asserted that its Complaint "adequately state[d] a cause of action for subrogation or declaratory relief" and that it "w[ould] move to amend its complaint to clarify the bases for its claim(s) for relief, including a request for declaratory relief." *Id.* at 4.

Plaintiff filed a First Amended Complaint ("FAC") on October 12, 2016. FAC. Plaintiff's FAC stated that "[t]his is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201." *Id.* at 1. Plaintiff alleged four causes of action: duty to defend, duty to indemnify, declaratory judgment that defendant owed Norcal a duty to defend, and declaratory judgment that Defendant owed Norcal a duty to indemnify. *Id.* at ¶¶ 18–31. The FAC seeks only declaratory relief that "Defendant owes a duty to defend" Norcal, that "Defendant owes

Case No. 16-CV-04304-LHK
ORDER DENYING MOTION TO REMAND

1  a duty to indemnify" Norcal, and that Defendant reimburse Plaintiff for the cost of providing a

2  defense and indemnifying Norcal.  *Id.* at 9.

3        Given the Plaintiff's FAC, the Court denied Defendant's motion to dismiss as moot on

4  October 12, 2016.  ECF No. 33.  On October 25, 2016, Defendant answered the FAC.  ECF No.

5  36.

6  **II.    LEGAL STANDARD**

7        "Except as otherwise expressly provided by Act of Congress, any civil action brought in a

8  State court of which the district courts of the United States have original jurisdiction, may be

9  removed by the defendant . . . to the district court of the United States for the district and division

10  embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Diversity of citizenship

11  of the parties under 28 U.S.C. § 1332(a) vests a district court with original subject matter

12  jurisdiction over a case, and thus represents a basis for removal.  *See* 28 U.S.C. § 1441(b).

13        Even when parties are diverse, however, a district court is not always required to assert

14  jurisdiction over a case once it is removed to federal court.  The Federal Declaratory Judgment Act

15  provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United

16  States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations

17  of any interested party seeking such a declaration, whether or not further relief is or could be

18  sought."  28 U.S.C. § 2201(a) (emphasis added).  Though "a District Court cannot decline to

19  entertain such an action as a matter of whim or personal disinclination," *Pub. Affairs Assocs., Inc.

20  v. Rickover*, 369 U.S. 111, 112 (1962) (per curium), "[t]he exercise of jurisdiction under the

21  Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of

22  the federal courts."  *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002)

23  (citation omitted).  Thus, if a court determines that its discretion is best exercised by declining to

24  assert jurisdiction over a declaratory judgment case removed from state court on the basis of

25  diversity of citizenship, it may remand the matter back to state court.  *See, e.g.*, *Huth*, 298 F.3d at

26  802, 804 (affirming a district court's order to remand a declaratory judgment action that had been

27  removed under § 1332 back to state court after declining to exercise jurisdiction over the case).

28

United States District Court
Northern District of California

4

Case No. 16-CV-04304-LHK
ORDER DENYING MOTION TO REMAND

United States District Court
Northern District of California

In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), the United States Supreme Court "set[] forth the primary factors" that a district court should consider in exercising its discretion under Section 2201(a) of the Federal Declaratory Judgment Act." *Huth*, 298 F.3d at 803. "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Gov't Emps. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). In conducting an analysis under *Brillhart*, district courts "[e]essentially . . . 'must balance concerns of judicial administration, comity, and fairness to the litigants.'" *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)).

Although the *Brillhart* factors "remain the philosophic touchstone for the district court," *Dizol*, 133 F.3d at 1225, they "are not necessarily exhaustive," *Huth*, 298 F.3d at 803 (citing *Kearns*, 15 F.3d at 145 (Garth, J., concurring)). Additional factors that courts have considered include:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purpose of procedural fencing or to obtain a 'res judicata' advantage' or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 135 F.3d at 1225 n.5 (quoting *Kearns*, 15 F.3d at 145 (Garth, J., concurring)). None of these considerations or the *Brillhart* factors is necessarily dispositive. *See Huth*, 298 F.3d at 802–03 (rejecting the argument that, because there was no pending state action, a federal district court was precluded from exercising its discretion to decline jurisdiction over a declaratory action, because "there are other balancing factors the district court must weigh").

Additionally, although 28 U.S.C. § 1447(d) usually bars appellate review of an order remanding a case to state court, an order remanding a case to state court under the Declaratory Judgment Act is reviewable on appeal. *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d

5

1163, 1165 (9th Cir. 1998) ("Section 1447(d) poses no obstacle to our review of a remand under

the Declaratory Judgment Act.").  Thus, although district courts have "substantial discretion in

deciding whether to declare the rights of the litigants," *Wilton*, 515 U.S. at 286, a district court

"must make a sufficient record of its reasoning to enable appropriate appellate review."  *Dizol*,

133 F.3d at 1225.

## III.    DISCUSSION

The parties do not dispute that this Court has subject-matter jurisdiction over this action

because the parties are diverse and the amount-in-controversy requirement is satisfied.  *See* FAC,

at 6; Def. Mot. at 2–3.  Accordingly, the only issue is whether the Court should exercise its

discretion to remand Plaintiff's claims for declaratory relief under the Declaratory Judgment Act.[1]

Thus, the Court considers each of the *Brillhart* factors in turn.

### A. Avoiding Needless Determination of State Law Issues

The first factor under the *Brillhart* analysis asks whether a remand will "avoid needless

determination of state law issues."  *Dizol*, 133 F.3d at 1225.  "A needless determination of state

law may involve an ongoing parallel state proceeding regarding the precise state law at issue, an

area of law Congress expressly reserves to the states, or a lawsuit with no compelling federal

interest (e.g., a diversity action)."  *Maryland Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178, 1183

---

[1]    The parties do not address whether the Court should consider the FAC in ruling on
Plaintiff's motion to remand, or whether the Court should consider only Plaintiff's Complaint that
was filed in state court.  However, the Ninth Circuit "encourage[s] district courts assessing
discretionary jurisdiction to take note of all existing circumstances internal to the lawsuit in front
of them that bear on the jurisdictional issue," including events that occur after the time that a
Complaint is filed.  *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1111 (9th Cir.
2001).
        Moreover, even if the Court were to consider only Plaintiff's Complaint, the outcome here
would be the same.  Specifically, if the Court were to consider only Plaintiff's state-court
complaint, the Court would deny Plaintiff's motion to remand because Plaintiff's Complaint
sought only monetary damages and "[a] district court does not have the same discretion to decline
to entertain a claim for damages as it does over a claim for declaratory relief."  *Madren v. Belden,
Inc.*, 2012 WL 2572040, at *3 (N.D. Cal. July 2, 2012).  Thus, the Court's consideration of the
FAC makes no difference to the outcome of the instant motion because, for the reasons discussed
below, the Court concludes here that Plaintiff's motion to remand should be denied under the
*Brillhart* factors applicable to declaratory relief claims.

1    (C.D. Cal. 2014) (internal quotation marks omitted).

2        Here, this case was removed on the basis of diversity jurisdiction and "[t]he issues

3    presented in the instant case center solely on disputes over California insurance law." *State Farm*

4    *Mut. Auto. Ins. Co. v. Marentes*, 2015 WL 6955012, at *4 (N.D. Cal. Nov. 10, 2015).  Thus, "the

5    federal interest in this matter is at its nadir." *Witherspoon*, 993 F. Supp. 2d at 1183.  Accordingly,

6    because this case involves solely California law, the Court finds that the first *Brillhart* factor

7    weighs in favor of remand to state court.  *Id.*

8        **B. Discouraging Litigants From Forum Shopping**

9        The second factor under the *Brillhart* analysis "usually is understood to favor discouraging

10   an insurer from forum shopping, i.e., filing a federal declaratory action to see if it might fare better

11   in federal court at the same time the insurer is engaged in a state court action." *Am. Cas. Co. of*

12   *Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999).  The Ninth Circuit has "also

13   described this factor as relating to the defensive or reactive nature of a federal declaratory

14   judgment suit." *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991)

15   (internal quotation marks omitted), *overruled on other grounds by Dizol*, 133 F.3d at 1223.

16       The Ninth Circuit has found that the second *Brillhart* factor is implicated by a litigant's

17   "artful pleading" of declaratory claims.  *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102,

18   1114 (9th Cir. 2001).  In *R&D Latex*, a plaintiff "artfully pleaded its state-court complaint as one

19   for declaratory relief alone," even though "one of its causes of action [was] not far removed from a

20   claim for breach of contract." *Id.*  In bringing only claims for declaratory relief, the plaintiff in

21   *R&D Latex* "avoid[ed] the mandatory federal jurisdiction that would have attached to the breach

22   of contract claim upon removal by [defendant]." *Id.*  The Ninth Circuit recognized that "[f]orum

23   shopping through the filing of declaratory judgment actions is no more appropriate when it favors

24   state over federal jurisdiction than when it favors the reverse." *Id.*  Accordingly, the Ninth Circuit

25   "regard[ed] the form of [plaintiff's] pleading as a consideration favoring retention of federal

26   jurisdiction." *Id.* at 1114–15.

27       The Ninth Circuit's decision in *R&D Latex* is instructive.  Here, Plaintiff's state-court

28

United States District Court
Northern District of California

7

complaint sought monetary damages in the amount of $105,000 and asserted claims for subrogation and indebtedness.  ECF No. 1, at 7–8.  After Defendant removed the case, Plaintiff filed a First Amended Complaint seeking only declaratory relief.  FAC at 9.  Accordingly, like the plaintiff in *R&D Latex*, there is reason to believe that Plaintiff here has "artfully pleaded" its declaratory claims in an effort to remain in state court.  *R&D Latex*, 242 F.3d at 1114.  Thus, like the Ninth Circuit in *R&D Latex*, this Court "regard[s] the form of [Plaintiff's] pleading as a consideration favoring retention of federal jurisdiction."  *Id.* at 1115; *see also Madren*, 2012 WL 2572040, at *4–5 (noting that "plaintiff's briefing implies that monetary relief is his central purpose in bringing this litigation" even though plaintiff styled his complaint as one for only declaratory relief, which "counsel[ed] strongly against remand"); *APMC Hotel Mgmt., LLC v. Fid. & Deposit Co. of Md.*, 2010 WL 2683469, at *2 (D. Nev. June 24, 2010) (applying *R&D Latex* to hold that a plaintiff's forum shopping in artfully pleading his complaint as one for declaratory relief "weighed in favor of retaining jurisdiction").

Accordingly, the Court finds that the second *Brillhart* factor weighs in favor of retaining jurisdiction and against remanding this case to state court.

### C. Avoiding Duplicative Litigation

The third *Brillhart* factor considers "the policy of avoidance of duplicative litigation."  *Robsac Indus.*, 947 F.2d at 1373.  "[T]he existence of a parallel state proceeding" is "a major factor in the district court's consideration of" whether to remand.  *Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, 754 (9th Cir. 1996), *overruled on other grounds by Dizol*, 133 F.3d at 1223; *see also Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 144–45 (3d Cir. 2014) (citing *Golden Eagle* and noting that "the absence of pending parallel state proceedings militates significantly in favor of exercising federal jurisdiction).  However, "the absence of a parallel state proceeding is not necessarily dispositive."  *Golden Eagle Ins. Co.*, 103 F.3d at 754.

Here, the parties are not involved in a parallel state proceeding.  *See* Def. Op. at 4.  Although Norcal was involved in the state tort case that underlies this insurance dispute, that case has been resolved against Norcal and did not involve the instant parties.  *See id.*  Accordingly, this

8

is not a case where a "federal declaratory suit is virtually the mirror image of" a parallel state court action, and thus litigation in federal court would not be duplicative here.  *See Robsac Indus.*, 947 F.2d at 1373.  Accordingly, the Court finds that the third *Brillhart* factor weighs in favor of retaining jurisdiction.

### D. Additional Factors

The *Brillhart* factors represent the primary considerations that the Court must weigh in determining whether to remand an action.  *Dizol*, 133 F.3d at 1225.  However, the *Brillhart* factors "are not necessarily exhaustive." *Huth*, 298 F.3d at 803.  Additional factors that a district court may consider include, as discussed above, "[w]hether the declaratory action will settle all aspects of the controversy;" "whether the declaratory action is being sought merely for the purposes of procedural fencing . . . ; whether the use of a declaratory action will result in entanglement between the federal and state court systems" and, additionally, "the convenience of the parties, and the availability and relative convenience of other remedies." *Dizol*, 133 F.3d at 1225 n.5.

Here, as discussed above, there is no underlying related state-court case, and thus there is a lower risk of "entanglement between the federal and state court systems."  *See Dizol*, 133 F.3d at 1225 n.5; *see also Advent v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2013 WL 3483742, at *8 (N.D. Cal. July 8, 2013) (finding "entanglement" to be "at least conceivable" where there was "an underlying related state court case" in addition to state-law claims).  Further, Plaintiff's FAC suggests that Plaintiff is seeking declaratory relief, in part, due to "procedural fencing" in order to return to state court.  *Dizol*, 133 F.3d at 1225 n.5; *R&D Latex*, 242 F.3d at 1114.  Lastly, the parties have not presented, and the Court is not aware, of any reasons why proceeding in the U.S. District Court for the Northern District of California, as opposed to California state court, would be less convenient to the parties, both of whom are out-of-state corporations.  *See Dizol*, 133 F.3d at 1225 n.5.  Thus, the Court finds that additional factors weigh in favor of retaining jurisdiction in this case.

### E. Summary

In sum, the Court finds that the first *Brillhart* factor weighs in favor of remand.  At the

United States District Court
Northern District of California

same time, the second and third *Brillhart* factors weigh against remand and in favor of retaining jurisdiction.  Lastly, the Court finds that the additional factors that this Court may consider weigh in favor of retaining jurisdiction in this case.  Thus, in light of these factors, the Court declines to exercise its discretion to remand this action to California state court.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED.


**IT IS SO ORDERED.**

Dated:  November 10, 2016

_____
LUCY H. KOH
United States District Judge

Case No. 16-CV-04304-LHK
ORDER DENYING MOTION TO REMAND